UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81145-Civ-Vitunac

JEFF GEORGE,

    Plaintiff,

v.

A 2005 DONZI Motor Yacht, Hull
Identification Number DNAFA008A505,
together with all her engines, tackle, rigging
dinghies, equipment, appurtenances, furniture,
etc., in rem, and OLD PORT COVE
HOLDINGS, INC., d/b/a NEW PORT COVE
MARINE CENTER, in personam,

    Defendants.
_____/

FILED by _____ D.C.
OCT 2 2 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER

THIS CAUSE is before the Court on Order of Reference from United States District Judge Ryskamp "to conduct a hearing at which plaintiff must show cause why the arrest or attachment should not be vacated," (DE 21), which was issued in response to ARG Marine Inc.'s Motion for an Order to Show Cause why the Arrest should not be vacated (DE 11 & 14). Upon consent of all parties, United States District Judge Ryskamp subsequently referred all further proceedings in the case, including trial, to the undersigned (DE 32).

#### Verified Complaint and Procedural History

This is a possessory action for a vessel proceeding under the Court's admiralty jurisdiction. As alleged in the Verified Complaint, Plaintiff, Jeff George, purchased a 38 foot Donzi Motor Boat ("vessel") from Richard Gamblin for $80,000. Plaintiff thereafter contracted with New Port Cove

1

Marine Center ("New Port Cove") to store the vessel for a monthly fee. The storage contract provided, inter alia, that Plaintiff granted New Port Cove a lien on the vessel for any unpaid storage charges. Plaintiff failed to pay the storage fees for a number of months and ran up a significant bill. Consequently, New Port Cove hired Federal Lien Corporation to assist in foreclosing on New Port Cove's lien on the vessel. To satisfy its lien, New Port Cove sold the vessel to itself.

On August 10, 2009, Plaintiff filed this possessory action pursuant to Rule D of the Supplemental Admiralty Rules. On August 25, 2009, the Court issued an arrest warrant for the vessel. The next day, New Port Cove sold the vessel to ARG Marine for $55,000, and ARG Marine took possession of the vessel. On September 11, 2009, the vessel was taken into custody of the U.S. Marshal.

Seven days later, ARG Marine, pursuant to Supplemental Rule E(4)(f), moved the Court to order Plaintiff to show cause why the arrest should not be vacated. Rule E(4)(f) provides, "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." On October 20, 2009, the Court held a Rule E(4)(f) hearing.

## Discussion

A Rule E(4)(f) hearing has a limited function. It "is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant . . . ." Salazar v. Atlantic Sun, Ltd., 881 F.2d 73 (3rd Cir. 1989). The plaintiff has the burden of demonstrating that there were reasonable grounds for the arrest; he must "come forward with sufficient evidence to show there was probable cause for

2

the arrest or attachment of the vessel." 20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc., 992 F.Supp. 1423, 1427 (M.D. Fla. 1997). The plaintiff's burden has also been described as requiring that he establish a prima facie claim. See, e.g., Chiquita Int'l Ltd. v. MV Bosse, 518 F.Supp.2d 589, 597 (S.D.N.Y. 2007). Thus, because this is a possessory action, to demonstrate that the arrest should not be vacated, Plaintiff must establish a prima facie claim that his "property . . . has been wrongfully taken." Privilege Yachting Inc., v. Teed, 849 F. Supp. 298, 301 (D.Del. 1994)(citing Cary Marine Inc., v. Motorvessel Papillion, 872 F.2d 751, 756 (6th Cir. 1989)); Hunt v. A Cargo of Petroleum Products Laden on Steam Tanker Hilda, 378 F.Supp. 701, 703 (E.D. Pa. 1974).

Plaintiff's verified complaint alleges that he has title of the vessel. For this stage of the proceedings, and as against New Port Cove and ARG Marine, the allegation is enough. Plaintiff must only "claim[] a superior right to possession of a vessel or other maritime property." Trueman v. Historic Steamtug New York, 120 F.Supp. 228, 232 (N.D.N.Y. 2000)(quoting Thomas J. Schoenbaum, 2 Admiralty and Maritime Law § 21-4 (2d ed.1994)). But, the Court takes a moment to note that Plaintiff has submitted a number of, frankly, dubious exhibits to corroborate his title. For example, he attaches the Bill of Sale as Exhibit A. Facially, the Bill of Sale executed by Roger Gamblin and Jeff George is unremarkable – although surprisingly casual for such a valuable vessel. But, during the hearing, Plaintiff testified that he executed the contract with Roger Gamblin's son, Chris Gamblin, who, presumably, signed his father's name. Also the Bill of Sale is dated May 26, 2008, and refers to the sale in the past tense, despite the fact that the notarized document giving Chris Gamblin power of attorney for his father is dated May 27, 2008. Plaintiff also attaches the Certificate of Title transferring title from Roger Gamblin to Jeff George as Exhibit B. Clearly, the

3

Certificate of Title has been altered. Numerous different pens were used, and, on the two lines where the purchaser is to be identified, "Jeff George" has been written over "John George." This is unmistakable. Additionally, during the hearing, it became apparent that the Florida Driver's License Number and the date of birth on the title does not belong to Plaintiff. Lastly, under cross examination, Plaintiff revealed that the Department of Highway Safety and Motor Vehicles would not issue him a title in his name because of the defects with the Certificate of Title. But, these issues, curious though they may be, are peripheral to the question at hand: has Plaintiff made a prima facie claim that New Port Cove wrongfully deprived him of possession of the vessel?

On July 30, 2009, New Port Cove sold the vessel to itself to satisfy its liens against the vessel through a non-judicial sale pursuant to Florida Statute § 328.17. It is uncontested that the marina had a possessory lien on the vessel based on the unpaid dockage fees. But, Plaintiff argues that New Port Cove did not comply with the statute's requirements, and, as a result, failed to gain title to the vessel, and, thus, took possession wrongfully. Florida Statute § 328.17, in relevant part, provides as follows:

> (5) A marina's possessory lien may be satisfied as follows:
>> (a)1. The marina shall provide written notice to the vessel's owner, delivered in person or by certified mail to the owner's last known address. The notice shall be conspicuously posted at the marina and on the vessel.
>>
>> . . .
>>
>> 5. The written notice to the vessel owner and lienholders required by this paragraph shall be made at least 60 days prior to any sale of the vessel under this section.
>
> (b) The notice shall include:
>> 1. An itemized statement of the marina's claim, showing the sum due at the time of the notice and the date upon which the sum became due.
>> 2. A description of the vessel.

    3. A demand for payment.

    4. A conspicuous statement that, unless the claim is paid within the time stated in the notice, the vessel will be advertised for sale or other disposition and will be sold or otherwise disposed of at a specified time and place.

    5. The name, street address, and telephone number of the marina that the owner or lienholder may contact to respond to the notice.

Plaintiff testifies that he never received notice of the vessel's sale as the statute requires. Instead of rebutting Plaintiff's testimony, New Port Cove and ARG Marine raised the issue of whether Plaintiff possesses lawful title to the vessel. This issue is irrelevant for two reasons. First, the Florida statute provides that "'owner' shall mean the person holding title to the vessel, or any person the marina reasonably believes to be authorized to act for the vessel." Fla. Stat. § 328.17 (3). Clearly, Plaintiff falls into the second category. He is listed as the owner of the vessel on the contract with New Port Cove. Hearing Exhibit 8. He paid those storage fees New Port Cove did receive. Hearing Exhibit 9. Before the vessel was sold, he sent two letters to New Port Cove that demonstrate he, at least, claimed to be the owner. Hearing Exhibits 10 & 11. Plaintiff testified that he had several conversations with a New Port Cove manager where he held himself out to be the owner. Plaintiff also presents the testimony of William Zachary Eiossat and Jason Kaplan, both of whom state that they contacted New Port Cove on Plaintiff's behalf and were told that the marina would only talk to Plaintiff, the owner of the vessel. This testimony is unrebutted. Second, New Port Cove presents no evidence of its attempts to comply with the statute. Thus, even were Plaintiff not the owner entitled to notice under Florida statute, there is no evidence that New Port Cove attempted to send notice to any owner as required to satisfy its lien. Accordingly, the Court finds that Plaintiff has met its burden to demonstrate that New Port Cove did not comply with the Florida

statute on non-judicial sales so as to satisfy its lien and gain title – in short, New Port Cove took possession wrongfully.

Lastly, ARG Marine has argued that it has title to the vessel as a good faith purchaser. A claim that one is entitled to ownership as a good faith purchaser is an affirmative defense. <u>Matter of T.F. Stone Co., Inc.</u>, 72 F.3d 466, 468 (5th Cir. 1995); <u>Kitchen v. Canavan</u>, 22 F.2d 116, 119 (8th Cir. 1927). Thus, at this stage of the proceedings, the Court need not reach the merits of ARG Marine's argument.

Accordingly, because Plaintiff has demonstrated a prima facie claim that New Port Cove wrongfully deprived him of possession of the vessel, the Court hereby

FINDS that the arrest of the vessel was appropriate and ORDERS that the arrest of the vessel shall remain in place until further order of the Court.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 22 day of October, 2009.

ANN E. VITUNAC
United States Magistrate Judge